ABB, Inc. v Havtech, LLC (2019 NY Slip Op 07693)





ABB, Inc. v Havtech, LLC


2019 NY Slip Op 07693


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


650277/18 10185A 10185

[*1] ABB, Inc., Plaintiff-Respondent,
v
Havtech, LLC, Defendant-Appellant.


Spiro Harrison, New York (David B. Harrison of counsel), for appellant.
Goodell Devries LLP, Baltimore, MD (Derek M. Stikeleather of the bar of the State of Maryland, admitted proc hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 10, 2019, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's motion to dismiss certain counterclaims, unanimously affirmed, with costs. Order (same court and Justice), entered May 10, 2019, which granted plaintiff summary judgment declaring that the parties' agreement is governed by New York law and denied defendant's cross motion for a stay, unanimously affirmed, with costs.
The parties' agreement contains a clause entitled "governing law" that provides the agreement is to be interpreted and construed in accordance with New York law, without reference to its choice of law principles. The contract involves millions of dollars of heating, ventilation and air conditioning (HVAC) equipment sales.
As a preliminary matter, the parties' agreement falls within the ambit of General Obligations Law § 5-1401, and thus, regardless of whether there is a connection between the transaction and New York, New York will enforce the choice of law clause (see IRB-Brasil Resseguros, S.A. v Inepar Invs., S.A., 20 NY3d 310 [2012], cert denied 569 US 994 [2013]).
Defendant's sole defense and counterclaims were based on its argument that the Maryland Dealer Act applied to invalidate the termination without cause and other provisions of the agreement. The motion court properly rejected the application of Maryland law. IRB makes clear that no such choice of law analysis is proper in light of the clear choice of New York law and the legislative purpose of General Obligations Law § 5-1401 (see Ministers & Missionaries Benefit Bd. v Snow, 26 NY3d 466 [2015]).
We reject defendant's argument that we are required to consider the public policy concerns of the Maryland Dealer Act in determining this dispute. Non-New York statutes do not invalidate contracts that chose New York law and are valid and enforceable under New York law (see Gottwald v Sebert, 161 AD3d 679 [1st Dept 2018]).
Finally, defendant's reference to similar dealer protection statutes in New York that protect dealers in other industries does not indicate a public policy in New York that would mandate extending such protections to HVAC equipment dealers. The legislature has made the determination to provide such
protections on an industry by industry basis, thus far not including HVAC distributors.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK